UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. LITTLE,<br><br>   Plaintiff,<br><br>   vs.<br><br>LEROY BACA, et al.,<br><br>   Defendants. | CASE NO. CV 13-0373 PA (RZ)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

The *pro se* and *in forma pauperis* plaintiff commenced this civil rights action on January 29, 2013. After suffering an attack by jail gang members who mistakenly believed Plaintiff was a "snitch," Plaintiff alleges, his complaints to jail officials resulted in months of indifference and retaliatory abuse. Due to the extreme and unnecessary length of the complaint, including its incorporated supporting materials, and other pleading flaws, the Court will dismiss the complaint with leave to amend.

## I.

## THE COMPLAINT IS NOT "SHORT AND PLAIN"

**A.   The Court's Obligation To Screen *In Forma Pauperis* Complaints**

The Court must screen all complaints, including Plaintiff's, brought *in forma pauperis*. *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (*per curiam*); 28 U.S.C.

§ 1915(e)(2) (screening of *in forma pauperis* actions generally). The law requires this Court to "dismiss the case if at any time it determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### B.   Applicable Law:   Rule 8 Requires "Short And Plain" Pleading

Federal Rule of Civil Procedure 8(a) requires that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "A claim is the 'aggregate of operative facts which give rise to a right enforceable in the courts.'" *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (quoting *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 189 (2d Cir. 1943)). To comply with the Rule, a plaintiff must plead a short and plain statement of the elements of his or her claim, "identifying the transaction or occurrence giving rise to the claim and the elements of a prima facie case," which elements, of course, will vary depending on the species of claim being asserted. *See Bautista*, 216 F.3d at 840.

Here, the complaint – which is only nine pages in and of itself, but which repeatedly incorporates by reference hundreds of pages of briefs and exhibits – is so lengthy and given over to tangents, minute details, matters that are self-evidently opinion, speechifying and other clutter that it is neither "short" nor "plain." It also appears to blame virtually everyone with whom Plaintiff came into contact, and several with whom he did not, in the wake of his injuries at the hands of three prison gang members. As Circuit Judge Arthur Alarcón once admonished when, sitting by designation, he dismissed another *pro se* civil-rights action with leave to amend:

> Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that

plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

. . .

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); FED. R. CIV. P. 8.

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual

allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly,* __ U.S. __, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

**The court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes.** *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to FED. R. CIV. P. 41 for violation of these instructions.

*Clayburn v. Schirmer*, No. CIV S 06-2182 ALA P, 2008 WL 564958, slip op. at 3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (**emphasis in bold added**).

Plaintiff's ponderous pleading would require at least a full day to understand properly, not mere minutes as suggested by Judge Alarcón. This is the stage for "short and plain" allegations supporting straightforward claims, not for reams of detailed evidence meant to *prove* those allegations.

### III.
### COUNTS MUST BE SEPARATELY STATED –
### AND MUST CITE A FEDERAL LEGAL BASIS

Plaintiff must state his claim or claims in separate counts, each identifying a discrete alleged violation of the Constitution or other law. FED. R. CIV. P. 10(b) ("Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth.").

As the Ninth Circuit has explained, separating the complaint into discrete, readily-identifiable claims serves the purpose of clarity:

> Experience teaches that, unless cases are pleaded clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer and society loses confidence in the court's ability to administer justice.

*Bautista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000). Here, Plaintiff's claims neither are "separate" nor cite any federal law upon which this Court might ground subject-matter jurisdiction. Instead, under "Claim I," he briefly summarizes every one of the seemingly dozens of wrongs done to him, expressly leaving it to the Court to figure out what the full array of his claims is and upon what federal law, and upon what facts, each claim is based. *See* Comp. at 5. The Court cannot and will not do so. Should Plaintiff choose to amend his complaint, then he must assert separately-captioned claims, with each stating –

(1) the specific federal law or tort provision allegedly violated, for example, the right not to be subjected to Cruel and Unusual Punishment under the Eighth Amendment;

(2) the specific events and other facts that give rise to, and that make out a prima facie case of, *that specific claim*; and

(3) which *of* the numerous defendants he targets in that specific claim.

## IV.
## NO VICARIOUS LIABILITY IN CIVIL RIGHTS ACTIONS

Plaintiffs alleging civil rights violations by public officials often add those officials' superiors as defendants. But such supervisory officials are not liable vicariously

for a constitutional deprivation committed by their subordinates, unless (1) the supervisor personally participated in the deprivation or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Jeffers v. Gomez*, 267 F.3d 895, 915-16 (9th Cir. 2001).

Although the Court makes no ruling on this issue at this time, it suspects that Plaintiff runs afoul of this rule in that he sues not only jail guards and psychiatric employees who *themselves* allegedly retaliated against him or failed to take proper action in response to his complaints, but also the County sheriff, Lee Baca, and numerous other persons whose only alleged connection is that they were "responsible for" the officials who themselves acted improperly and harmed Plaintiff.  That connection is insufficient.  The Court thus cautions Plaintiff that, unless he can satisfy *Jeffers* in an amended complaint, he must omit such supervisory defendants from the action or suffer another dismissal and, thus, further delays – and possibly the dismissal of the action itself, as Judge Alarcón warned.

This Memorandum And Order is not meant to provide an exhaustive list of all possible shortcomings in the initial complaint.  If any additional flaws exist, then the sheer length and unnecessary complexity of the pleading, coupled with the existence of its more obvious flaws, make a closer examination impossible within any reasonable period of time.

## V.
## CONCLUSION

Based on the foregoing, the complaint hereby is DISMISSED, and leave to amend is granted.  More specifically, Plaintiff has three options:

(1) **Plaintiff may pursue this action further** by filing an original and one copy of a pleading captioned as his First Amended Complaint (1AC), bearing the current case number, within 30 days of the filing date of this Order.  To withstand another dismissal, the 1AC must correct the deficiencies identified in this Order and must

comply with the Federal Rules of Civil Procedure and this Court's Local Rules. The 1AC must be complete in itself and must not refer to any prior version of the complaint.

(2) **Plaintiff may file a "Notice of Intent Not to Amend Complaint" within 30 days** of the filing date of this Order. If Plaintiff timely files such a Notice, then the undersigned will recommend to the assigned District Judge that this action be dismissed, freeing Plaintiff to appeal the dismissal on the grounds cited above. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063-66 (9th Cir. 2004).

(3) **Plaintiff may do nothing** in response to this Order. If Plaintiff does not file a document pursuant to either option 1 or 2 above within the 30-day deadline, then the Court shall deem him to have consented to dismissal of this action for failure to prosecute and for failure to comply with this Order. *See id.*

**The Court cautions Plaintiff that if he fails to file a timely amended complaint or otherwise fails to comply substantially with the terms of this Order, then this action may be dismissed.**

IT IS SO ORDERED.

DATED: February 1, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

- 7 -